Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4388 | **DATE** | 12/8/2011 |
| **CASE TITLE** | Cuc vs. U.S. Bank, N.A. | | |

**DOCKET ENTRY TEXT**

For the reasons given below, the Court dismisses Plaintiffs' complaint as barred by the *Rooker-Feldman* doctrine. Furthermore, because the Court lacks jurisdiction over this case, it denies as moot Plaintiffs' motions for a more definite statement and to compel production of certain documents [Dkt. 18, 19].

■[ For further details see text below.]

Notices mailed by Judicial staff.
Mailed AO 450 form.

## STATEMENT

### INTRODUCTION

In 2008, Defendant U.S. Bank, N.A. moved to foreclose on the home of Plaintiffs Trandafir and Lavinia Cuc in Lake County, Illinois. The Circuit Court of Lake County entered a judgment of foreclosure on October 15, 2008, and confirmed the sale on February 19, 2010. On April 30, 2010, and May 28, 2010, the Plaintiffs filed motions in Circuit Court, asking to have the foreclosure vacated. They claimed that the trustee's sale was void because, among other reasons, the Cucs never received notice of the foreclosure and U.S. Bank never properly held the mortgage note. On July 9, 2010, the Circuit Court judge struck those motions and pleadings, claiming that she lacked jurisdiction over the case once the sale was confirmed.

Instead of appealing that decision, Plaintiffs filed this Complaint for "wrongful foreclosure," again alleging a failure of notice and that U.S. Bank was not the proper note-holder. They ask this Court to declare that the trustee's sale was void, that U.S. Bank has no interest in the property, and that the Lake County Court lacked jurisdiction to enter the foreclosure. They also ask this Court to enjoin any transfer of the property, and to award them damages. In their reply to the motion to dismiss, Plaintiffs re-frame their argument that Defendant is not a note-holder as a standing issue, and claim that Illinois state courts lack jurisdiction over the bank.

Defendant moves to dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1), arguing that this Court should

# STATEMENT

abstain from hearing the case under the *Younger* doctrine. As discussed below, *Younger* is inapplicable because the state court proceedings have concluded; nonetheless, this Court lacks jurisdiction because Plaintiffs ask it to set aside a state court judgment.

## LEGAL STANDARD

In considering a motion to dismiss, the Court accepts Plaintiffs' well-pleaded factual allegations as true, and draws all inferences in their favor. *Anchor Bank, F.S.B. v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). It construes *pro se* pleadings with a liberal eye, and does not hold them to lawyerly standards. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).

Federal courts have limited subject matter jurisdiction; District Courts ordinarily gain jurisdiction either when a case involves federal law, or when it arises between citizens of different states and the amount in dispute exceeds $75,000. *See* 28 U.S.C. §§ 1331–32.

Defendant asks this Court to invoke *Younger* abstention. *Younger* dictates that federal courts generally should not interfere with ongoing state court actions. It requires federal courts to abstain from enjoining ongoing state proceedings that "(1) [are] judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances – like bias or harassment – exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595–96 (7th Cir. 2007).

*Younger* is one of several doctrines that will bar federal court litigation if there is (or has been) a related state court proceeding. The *Rooker-Feldman* doctrine, for example, prohibits parties that have lost in state court from bringing an action in federal court to set aside the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* reminds us that only the Supreme Court, not federal District Courts, hears state court appeals. *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 531 (7th Cir. 2004). *Rooker-Feldman* creates a jurisdictional bar that courts are bound to respect, even if the parties do not raise the issue. *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 727 (7th Cir. 1993).

## DISCUSSION

From the litigation history above, it is clear that the *Younger* doctrine is inapplicable here, as the case is over. There is no state court for this Court to enjoin. (Plaintiffs argue that the Circuit Court of Lake County dismissed the foreclosure action without ordering a sale. However, the supplementary materials filed by both parties demonstrate that this is not the case.) Accordingly, this Court will not abstain from hearing this case on *Younger* grounds.

Plaintiffs seek injunctive and declaratory relief in asking this Court to void the foreclosure sale and enjoin any property transfer. In doing so, they ask this Court to set aside a state court judgment, and run headlong into *Rooker-Feldman*. *See Taylor*, 374 F.3d at 533. Under that doctrine, claims which seek to set aside state court judgments are *de facto* appeals and are barred without further inquiry. *Id*. at 532. Even claims presented for the first time in federal court, or which do not directly ask for the review of a state court decision, may be barred if they are "inextricably intertwined" with a state court judgment. *Id.* at 533. If the alleged injury was caused by the state court judgment, the claim is barred. *Id.* Because the declaratory and injunctive claims ask this court to set aside a state court judgment, this Court lacks jurisdiction to hear them.

## STATEMENT

In their reply, Plaintiffs insist that jurisdiction is proper because the foreclosure was unlawful, stressing again that (1) they did not receive proper notice, (2) the Circuit Court lacked jurisdiction, and (3) the Defendant had no lawful interest in the property and thus lacked standing to foreclose. All of those procedural issues, however, are part and parcel with the state court action. None asserts an injury apart from the foreclosure proceeding, and so all are barred. *See id.* at 534. It also bears noting that in confirming the sale of the property, the state court at least implicitly ruled that the mortgage was proper and the sale valid. *See Cosey v. Ameriquest Mortg.*, No. 10 C 5848, 2011 WL 5828191, at *4 (N.D. Ill. Nov. 18, 2011). Thus, Plaintiffs ask this Court to set aside a state court judgment on grounds that they should have raised in a state court appeal.

In each of their first two causes of action, Plaintiffs also seek money damages. However, the harm for which they seek compensation is the foreclosure in Lake County. Accordingly, those claims are inextricably intertwined with the Lake County judgment, and are likewise barred by *Rooker-Feldman*. *See Taylor*, 374 F.3d at 534.

Plaintiffs raised essentially every claim here in one form or another to the state court, with the possible exception of their standing argument, which only reconfigures their argument that U.S. Bank is not the note-holder and so cannot foreclose. (They also raised several federal claims in state court which are not pursued here.) While it is true that the state court struck their filings without ruling on the merits, Plaintiffs' proper recourse would have been to appeal that ruling, rather than filing a federal case. Plaintiffs have identified no state law or procedural rule that prevented them from pursuing state relief; accordingly, their claims are barred. *See Cosey v. Ameriquest Mortg.*, No. 10 C 5848, 2011 WL 5828191, at *4 (N.D. Ill. Nov. 18, 2011).

Plaintiffs are very concerned with the problem of state court jurisdiction, which is understandable given the language that the Lake County judge used to dismiss their 2010 filings. Accordingly, the Court feels that the brief explanation is in order. Plaintiffs assert that an Illinois court will not have jurisdiction over U.S. Bank. However, even when diversity exists, jurisdiction is not exclusive in federal court. U. S. Bank was already a party to the foreclosure action, and thus would have remained a party on appeal. In any event, however, Illinois' expansive long-arm jurisdiction statute would almost certainly reach U.S. Bank in this case. *See* 735 Ill. Comp. Stat. 5/2-209. Furthermore, no claims alleged by Plaintiffs confer exclusive jurisdiction on federal courts. To the extent that Plaintiffs invoke the removal statutes, the timeframe in which Plaintiffs might have removed the foreclosure action has long since expired. *See* 28 U.S.C. §1446.

## CONCLUSION

For the foregoing reasons, this Court concludes it is being asked to set aside a state court decision; accordingly, Plaintiffs' complaint is barred by the *Rooker-Feldman* doctrine and must be dismissed. Furthermore, because this Court lacks jurisdiction over the case, it must deny as moot Plaintiffs' motions for a more definite statement (really, a request to admit) and to compel the production of certain documents [Dkt. 18, 19].